FILED
United States Court of Appeals
Tenth Circuit

May 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD MONTOUR,

            Petitioner - Appellant,

v.

TOM CLEMENTS, Executive Director of
the Colorado Department of Corrections,

            Respondent - Appellee.

No. 11-1526
(D.C. No. 1:11-CV-02404-MSK)
(D. Colorado)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

Edward Montour, a Colorado state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) so he can appeal the district court's denial of his 28 U.S.C. § 2241 petition. In 2003, Montour pleaded guilty to a Colorado charge of first degree murder. After a Colorado state judge sentenced him to death, Montour appealed. The Colorado Supreme Court affirmed Montour's guilty plea but reversed his sentence, declaring unconstitutional that portion of the Colorado death penalty statute requiring "a defendant to waive his Sixth Amendment right to a jury trial on all facts essential to the death penalty eligibility determination when he pleads guilty." *People v. Montour*, 157 P.3d 489, 491 (Colo 2007). Because Montour did not challenge his conviction or

guilty plea, the Colorado Supreme Court remanded the matter back to the district court solely for resentencing before a jury. *Id*. at 491-92.

Montour then filed the instant § 2241 petition with the United States District Court for the District of Colorado. He argues any resentencing will subject him to double jeopardy and, thus, would be unconstitutional because the Colorado crime of first degree murder is a lesser included offense of capital murder. In other words, he asserts jeopardy attached to the lesser crime of first degree murder when he entered his guilty plea and any resentencing would essentially be a trial on the greater offense of capital murder. The district court rejected Montour's argument, engaging in a comprehensive discussion of recent Supreme Court jurisprudence. *See Sattazahn v. Pennsylvania*, 537 U.S. 101 (2003), *Ring v. Arizona*, 536 U.S. 584 (2002); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The court highlighted the "fallacy" of Montour's argument by remarking that death penalty schemes containing separate guilt and penalty phases would be wholly precluded under his argument. By way of example, the court noted that despite Montour's reliance on the plurality opinion in *Sattazahn*, in that case the Supreme Court affirmed the death sentence imposed during a penalty phase proceeding held after retrial. *See* 537 U.S. at 116. Accordingly, the district court denied Montour's § 2241 petition.

This court will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). To satisfy this

standard, Montour must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Montour is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

This court has reviewed Montour's application for a COA and appellate brief, the district court's order and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Montour is not entitled to a COA. The district court's resolution of Montour's double jeopardy claim is not reasonably subject to debate and the claim is not adequate to deserve further proceedings. Accordingly, Montour is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Montour's request for a COA and **dismisses** this appeal. Montour's motion to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge
